## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA GUARINO,**<br>            **Plaintiff,**<br><br> **v.**<br><br>**LUCKY WORLD, INC., NAVIGATORS INSURANCE COMPANY AND ANDRIY MARHIN**<br>            **Defendants.** | **CASE NO.:   3:19-CV-00419-JWD-RLB**<br><br> **JUDGE: JOHN W. DEGRAVELLES**<br><br>**MAG: RICHARD L. BOURGEOIS, JR.** |

---

## AMENDED NOTICE OF REMOVAL
---

**NOW INTO COURT**, through undersigned counsel, come defendants, Navigators Insurance Company and Lucky World, Inc. (hereinafter "Defendants"), who, pursuant to Rec. Doc. No. 7, hereby file this Amended Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 providing clarification as requested in that Order, and hereby remove this matter to the United States District Court for the Middle District of Louisiana based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants further aver as follows:

### I.        PLEADINGS AND SERVICE OF PROCESS

1.

On April 4, 2019, Plaintiff Patricia Guarino filed suit against Defendants Lucky World, Inc., Navigators Insurance Company, and Andriy Marhin in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana alleging injuries and damages following an

automobile accident that occurred in East Baton Rouge Parish.[1] The civil action number is C-681403, Section "24" and the matter is entitled *Patricia Guarino versus Lucky World, Inc., Navigators Insurance Company, and Andriy Marhin.*

2.

On April 10, 2019, Defendant Navigators Insurance Company (hereinafter "Navigators") received service of the Original Petition for Damages.[2]

3.

On April 23, 2019, Defendant Lucky World, Inc. (hereinafter "Lucky World") received service for the Original Petition for Damages.[3]

4.

To date, service has not been effected on Defendant Andriy Marhin.[4]

5.

Copies of all pleadings, process, orders, and other filings in the state court suit served upon Defendants are attached as "Exhibit 1" to this notice as required by 28 U.S.C. §1446(a).

6.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending, the 19th Judicial District in and of the Parish of East Baton Rouge, is located within jurisdiction of the United States District Court for the Middle District of Louisiana and because the accident at issue occurred in East Baton Rouge Parish, also within the jurisdiction of the United States District Court for the Middle District of Louisiana.

---

[1] See, Rec. Doc. 1-1, State Court Record, pages 1-4, Petition for Damages.
[2] See, Rec. Doc. 1-1, page 16, Service Return on defendant Navigators Insurance Company.
[3] See, Rec. Doc. 1-1, pages 18-19, Affidavit of Service on defendant Lucky World, Inc.
[4] See, Rec. Doc. 1-1, generally, which contains no return on Defendant Andriy Marhin. Upon service being made on him, Marhin will be represented by the undersigned and will consent to the removal.

2

7.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

8.

Defendants reserve the right to amend or supplement this Notice of Removal and to file post-removal affidavits and exhibits, if necessary.

## II.  REMOVAL IS TIMELY

9.

Navigators received service of Plaintiff's Petition for Damages on April 10, 2019.[5]

10.

At the time of service, Navigators had some medical records and bills for Plaintiff indicating that Plaintiff sustained broken ribs and other soft tissue injuries in the subject accident. Those bills totaled roughly $45,000 – more than $30,000 below the jurisdictional threshold of $75,000.[6] Counsel for Navigators reached out to counsel for Plaintiff seeking clarification of the amount in controversy and to determine if there were additional medical bills, but no response was received.[7] Based on the lack of information available, Navigators did not have sufficient information to determine whether the amount in controversy exceeded $75,000 exclusive of interest and costs.

---

[5] See, Rec. Doc. 1-1, page 16, Service Return on defendant Navigators Insurance Company.
[6] See, Rec. Doc. 1-2 and additional attachment thereto, Medical Records for Plaintiff in Defendants' possession at the time of service. See also, Rec. Doc. 1-6, Medical Bills for Plaintiff.
[7] See, Rec. Doc. 1-3, email to Plaintiff's counsel dated April 23, 2019 seeking clarification on the amount in controversy.

11.

For this reason, on May 7, 2019, Navigators filed a Dilatory Exception of Vagueness and Nonconformity with the Requirements of La. Code Civ. Proc. Articles 891 and 893 seeking clarification on the amount in controversy for purposes of determining federal diversity jurisdiction.[8]

12.

Defendant Lucky World received service of Plaintiff's Petition for Damages on April 23, 2019.[9]

13.

At the time of service, Lucky World, like Navigators, did not have sufficient information to determine whether the amount in controversy exceeded $75,000, exclusive of interest and costs.

14.

For this reason, on May 16, 2019, Lucky World filed a Dilatory Exception of Vagueness and Nonconformity with the Requirements of La. Code Civ. Proc. Article 891 and 893 seeking clarification on the amount in controversy for purposes of determining federal diversity jurisdiction.[10]

15.

On June 4, 2019, after the filing of Defendants' Dilatory Exceptions of Vagueness and Nonconformity with the Requirements of La. Code Civ. Proc. Article 891 and 893, counsel for

---

[8] See, Rec. Doc. 1-1, pages 25-35, Navigators' Dilatory Exception of Vagueness and Nonconformity with the Requirements of La. Code Civ. Proc. Article 891 and 893 and related Memorandum and Exhibits.
[9] See, Rec. Doc. 1-1, pages 18-19, Affidavit of Service on defendant Lucky World, Inc.
[10] See, Rec. Doc. 1-1, pages 52-61, Lucky World's Dilatory Exception of Vagueness and Nonconformity with the Requirements of La. Code Civ. Proc. Article 891and 893 and related Memorandum and Exhibits.

Defendants received an email confirming that Plaintiff's damages and the amount in controversy exceeded $75,000.[11]

16.

On June 7, 2019, Defendants received a signed Stipulation to the Amount in Controversy from Plaintiff which read as follows: "NOW INTO COURT, through undersigned counsel, comes Plaintiff, Patricia Guarino, who does hereby stipulate that the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs. Furthermore, Plaintiff will not agree to forego enforcement of any judgment in excess of $75,000.[12]

17.

Per 28 U.S.C. § 1446(b)(3), this removal was filed on June 27, 2019, which is within 30 days of receiving the email and the signed Stipulation which allowed Defendants to ascertain that the matter was removable. Therefore, removal of this matter is timely.

### III.    DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

18.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs.[13] 28 U.S.C. §1332. According to 28 U.S.C. §1332(a), this Honorable Court has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different States."

---

[11] See, Rec. Doc. 1-4, email from Plaintiff's counsel confirming that Plaintiff's damages exceed $75,000.
[12] See, Rec. Doc. 1-5, Plaintiff's signed Stipulation to Amount in Controversy.
[13] See, Rec. Doc. 1-5, Plaintiff's signed Stipulation to Amount in Controversy.

### A.    COMPLETE DIVERSITY

19.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

20.

According to Plaintiff's Petition, Plaintiff is a citizen of the Parish of East Baton Rouge, State of Louisiana.[14]

21.

According to Plaintiff's Petition, Navigators Insurance Company is a foreign insurer.[15] Navigators Insurance Company is a foreign insurer incorporated in the state of New York with its principle place of business in Connecticut.[16]

22.

According to Plaintiff's Petition, Lucky World, Inc. is a foreign corporation domiciled in Illinois.[17] Lucky World is a foreign corporation incorporated in the State of Illinois with its principle place of business in Illinois.[18]

23.

According to Plaintiff's Petition, Defendant Andriy Marhin is a resident of Connecticut.[19] Defendant Andriy Marhin is, in fact, domiciled in Connecticut.

---

[14] See, Rec. Doc. 1-1, page 1, Plaintiff's Petition for Damages, Introductory Paragraph, in which Plaintiff alleges that she is "a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana…"
[15] See, Rec. Doc. 1-1, page 1, Plaintiff's Petition for Damages, paragraph 1, subparagraph 2.
[16] See, Exhibit 7 hereto, Navigators Insurance Company page from the Louisiana Department of Insurance website.
[17] See, Rec. Doc. 1-1, page 1, Plaintiff's Petition for Damages, paragraph 1, subparagraph 3.
[18] See, Exhibit 8 hereto, Lucky World, Inc.'s Corporate File Detail Report from the Illinois Secretary of State's website.
[19] See, Rec. Doc. 1-1, page 1, Plaintiff's Petition for Damages, paragraph 1, subparagraph 1.

24.

Since Plaintiff is a citizen of Louisiana and Defendants are citizens of New York, Connecticut, and Illinois, there is complete diversity between the parties to this action.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

25.

Removal is proper because, by Plaintiff's own admission and by a preponderance of the evidence, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs.[20] 28 U.S.C. §1332(a).  28 U.S.C. § 1446(c)(2)(b).

26.

A defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Instead, a defendant needs only prove that the plaintiff, more likely than not, *could* recover more than the jurisdictional amount.

27.

To determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

28.

The original Petition for Damages is silent as to the value of damages sought by Plaintiff; however, the Petition alleges that Plaintiff "sustained the following non- exclusive elements of damages:

a. Physical pain, suffering and anguish (past, present and future);

b. Mental fright, shock, fear and anguish (past, present and future);

---
[20] See, Rec. Doc. 1-2 and additional attachment thereto and Rec. Doc. 1-5.

c. Medical expenses (past, present and future);

d. Loss of enjoyment of life (past, present and future)."[21]

29.

In support of her claim for damages, Plaintiff, Patricia Guarino submitted medical records and bills from Our Lady of the Lake Hospital in Livingston, Our Lady of the Lake Hospital in Baton Rouge, and DHMC Family Medicine.[22] The medical records indicate that Plaintiff sustained an acute fracture of seven ribs in the subject accident.[23] She also complained of left shoulder pain, neck pain, back pain, and left side pain.[24] The medical bills submitted in support of Plaintiff's claim exceed $40,000, before application of any adjustments or discounts.[25] With more than $40,000 in medical expenses and Plaintiff's admission that the amount in controversy exceeds $75,000, Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

30.

Once Defendants have met their burden of proving that, more likely than not, the amount in controversy exceeds $75,000.00, Plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with</u>

---

[21] See, Rec. Doc. 1-1, page  2, Plaintiffs' Petition for Damages, paragraph 7.
[22] See, Rec. Doc. 1-2 and additional attachment thereto, Medical Records of Plaintiff, generally.
[23] See, Rec. Doc. 1-2 and additional attachment thereto, Medical Records, page 14.
[24] See, Rec. Doc. 1-2 and additional attachment thereto, Medical Records, pages 7-14.
[25] See, Rec. Doc. 1-6, Medical Bills submitted in support of Plaintiff's claim for damages, generally.

the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 412.  Once a defendant has removed the case *St. Paul* makes later filings irrelevant. *De Aguilar v. Boeing Co.,* 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845 (1938); and citing, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added).

31.

In this case, Plaintiff has not and will not file a binding stipulation that damages do not exceed $75,000. To the contrary, Plaintiff has executed a Stipulation indicating that the Plaintiff's claim does exceed the jurisdictional limit of $75,000, exclusive of interest and costs[26]

32.

Based on the claimed injuries, the medical records and bills, Plaintiff's Stipulation to the Amount in Controversy, and the original Petition for Damages, the claim of Patricia Guarino clearly exceeds $75,000.00.

33.

While Defendants do not admit any element of damages or the value of any of the alleged damages, they have met their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

34.

Therefore, this action is removable under and by virtue of the acts of Congress of the United States and Defendant desires to remove it to this Court.

**WHEREFORE,** Defendants, Navigators Insurance Company and Lucky World, Inc., ask that the above-captioned action be removed to this Court, the United States District Court for the Middle District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*

---

[26] See, Rec. Doc. 1-5, Plaintiff's Stipulation to the Amount in Controversy.

Respectfully submitted,

*/s/ Marianne Wise Fletchinger*
Robert E. Kerrigan, Jr. (#07350)(T.A.)
Marianne Wise Fletchinger (#34822)
***DEUTSCH KERRIGAN, L.L.P.***
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 593-0661
Facsimile:  (504) 566-4099
*Attorneys for Navigators Insurance Company and Lucky World, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 17th day of July, 2019, I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission.

*/s/ Marianne Wise Fletchinger*
Marianne Wise Fletchinger

10